# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| ANTROUN TREMAINE MCDANIEL,<br><br>*Plaintiff*,<br><br>v.<br><br>SOUTHERN HEALTH PARTNERS, INC.; JANE DOE LNP or RN, agent for and employed by SOUTHERN HEALTH PARNTERS, INC.; Upson County Sheriff DAN KILGORE in his official capacity as Sheriff; and UPSON COUNTY SHERIFF'S OFFICE,<br><br>*Defendants*. | CIVIL ACTION NO.<br>5:25-cv-00288-TES |

### ORDER GRANTING DEFENDANT SOUTHERN HEALTH PARTNERS, INC. and JANE DOE'S MOTION TO DISMISS

Before the Court is Defendant Southern Health Partners, Inc.'s ("Defendant SHP") Motion to Dismiss [Doc. 3].[1] Arguing that the doctrine of respondeat superior "doesn't [work to] hold employers vicariously liable for the acts of their employees," Defendant SHP seeks dismissal of Plaintiff Antroun Tremaine McDaniel's claims asserted against it via 42 U.S.C. § 1983 for failure to state a claim. [Doc. 3, pp. 6, 9–10]. In the same Motion, Defendant SHP also seeks dismissal of Plaintiff's § 1983 claims

---

[1] Defendant SHP filed its Motion on September 29, 2025; thus, under the Court's Local Rules, Plaintiff had 21 days—until October 20, 2025—to file any brief in opposition. LR 7.2, MDGa. Plaintiff did not file any response brief, so Defendant SHP's Motion is ripe for consideration.

asserted against its employee, Defendant Jane Doe LPN or RN, because the statute of limitations applicable to those claims has passed. [*Id.* at pp. 7–9]. Upon review of the arguments contained in Defendant SHP's Motion, it is due to be **GRANTED**.

## LEGAL STANDARD

When ruling on a motion under Federal Rule of Civil Procedure 12(b)(6), it is a cardinal rule that district courts must accept the factual allegations set forth in a complaint as true. *Twombly v. Bell Atl. Corp.*, 550 U.S. 544, 572 (2007). In accepting the factual allegations as true, courts are to construe the reasonable inferences from them in the light most favorable to a plaintiff. *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998).

However, through Rule 12(b)(6), a defendant may "test the facial sufficiency" of a complaint by way of a motion to dismiss. *Ghee v. Comcast Cable Commc'ns, LLC*, No. 22-12867, 2023 WL 3813503, at *2 (11th Cir. June 5, 2023) (quoting *Brooks v. Blue Cross & Blue Shield*, 116 F.3d 1364, 1368 (11th Cir. 1997)). Such a "motion is an 'assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint still fails as a matter of law to state a claim upon which relief may be granted.'" *Barreth v. Reyes 1, Inc.*, No. 5:19-cv-00320-TES, 2020 WL 4370137, at *2 (M.D. Ga. July 29, 2020) (citation omitted). However, a complaint will survive a Rule 12(b)(6)-based motion if it alleges sufficient factual matter (accepted as true) that states a claim for relief that is plausible on its face. *McCullough v. Finley*, 907 F.3d 1324, 1333 (11th Cir. 2018) (citing *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678–79 (2009)).

Now, whether a complaint states a claim for relief is measured by reference to the pleading standard of Federal Rule of Civil Procedure 8—a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Barreth*, 2020 WL 4370137, at *2 (citation omitted). Rule 8 doesn't require detailed factual allegations, but it does require "more than unadorned, the-defendant-unlawfully-harmed-me accusations." *McCullough*, 907 F.3d at 1333 (citation omitted) (alterations adopted). Its sole purpose is to provide a defendant "with 'fair notice' of the claims and the 'grounds' for entitlement to relief." *Barreth*, 2020 WL 4370137, at *2 (citation omitted); *Twombly*, 550 U.S. at 555–56.

To decide whether a complaint survives a motion to dismiss, courts use a two-step framework. *McCullough*, 907 F.3d at 1333 (citation omitted). The first step is to identify the allegations that are "no more than conclusions." *Id.* (quoting *Iqbal*, 556 U.S. at 679). "Conclusory allegations are not entitled to the assumption of truth." *Id.* After disregarding the conclusory allegations, the second step is to "assume any remaining factual allegations are true and determine whether those factual allegations 'plausibly give rise to an entitlement to relief.'" *Id.* "A court decides whether [Rule 8's pleading standard] is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow [it] to reasonably infer that [a] plaintiff [may be] entitled to the legal

3

remedy sought." *Barreth*, 2020 WL 4370137, at *2 (citation omitted).

When drafting a complaint, "[a] plaintiff must plead more than labels and conclusions or a formulaic recitation of the elements of a cause of action." *McCullough*, 907 F.3d at 1333 (quoting *Twombly*, 550 U.S. at 555). A plaintiff may use legal conclusions to structure a complaint, but they *must* "be supported by factual allegations." *Id.* (quoting *Iqbal*, 556 U.S. at 679). While courts, in ruling on a 12(b)(6)-based motion, must take all the factual allegations in a complaint as true, they are not bound to accept a legal conclusion couched as a factual allegation. *Iqbal*, 556 U.S. at 678. Courts must "identify conclusory allegations and then discard them—not 'on the ground that they are unrealistic or nonsensical' but because their conclusory nature 'disentitles them to the presumption of truth.'" *McCullough*, 907 F.3d at 1333 (quoting *Iqbal*, 556 U.S. at 681).

The issue to be decided when considering a motion to dismiss "is necessarily a limited one." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) *overruled on other grounds by Davis v. Scheuer*, 468 U.S. 183 (1984). The issue is not whether the claimant will ultimately prevail, but "whether the claimant is entitled to offer evidence to support the claims." *Id.* The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[ ] a suspicion of a legally cognizable right of action." *Twombly*, 550 U.S. at 555. Finally, as Plaintiff has done in her Complaint, a complaint that tenders "'naked assertions' devoid of 'further factual

4

enhancement'" will not survive against a motion to dismiss. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (cleaned up). To survive, a complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Twombly*, 550 U.S. at 556.

## FACTUAL BACKGROUND[2]

In his Complaint [Doc. 1], Plaintiff seeks relief under § 1983 for alleged Eighth and Fourteenth Amendment violations. [Doc. 1, pp. 1–2]. Plaintiff alleges that on December 12, 2022, he "was arrested at the . . . courthouse" in Upson County, Georgia, because of a bond revocation. [*Id.* at p. 5]. From there, he alleges he remained in the Upson County Jail until he "was transported by emergency medical services to Upson Regional Hospital on July 5, 2023." [*Id.*].

At some point, while detained in the Upson County Jail, Plaintiff's "health began to decline." [*Id.* at p. 2]. He claims that those responsible for his health "failed to . . . properly screen and evaluate his deteriorating condition" and that, "[a]fter several days," he "crashed." [*Id.* at pp. 2, 4–5]. When he "crashed," Plaintiff states that he "was rushed to [the] Upson County Regional Hospital emergency room" on July 5, 2023, "in severe respiratory distress." [*Id.* at p. 2]. He states that he "was placed in intensive care,

---

[2] Plaintiff's Complaint [Doc. 1] is dated June 3, 2025, but he didn't file it with the Court until July 3, 2025. [Doc. 1, pp. 1, 7]. Under the Federal Rules of Civil Procedure, "[a] civil action is instituted only by 'filing a complaint with the court.'" *Strickland v. Wayne Farms-Southland Hatchery*, 132 F. Supp. 2d 1331, 1333 (M.D. Ala. Mar. 1, 2001) (quoting Fed. R. Civ. P. 3).

level one trauma unit, with a severe respiratory infection that progressed to pneumonia"; that he "was septic"; that "his heart rate dropped severely"; that "he had a 103° temperature"; and that "[h]e developed a pulmonary leak from respiratory tubes inserted to address his respiratory distress." [*Id.*]. He then alleges he "was transferred to [a] hospital" in Macon, Georgia, "for higher level one trauma care, where he remained hospitalized for over [two] weeks." [*Id.*].

Relevant to Defendant SHP's Motion, Plaintiff claims that Defendant SHP and one of its employees, Defendant Jane Doe LPN or RN, did not "arrange[] for Plaintiff to receive any prescription medications that had been prescribed" to him and failed to take him "to the local emergency room for evaluation and treatment" despite "[h]is need for treatment" being allegedly "clear." [*Id.* at pp. 2, 5–6].

## DISCUSSION

### 1.  Defendant Southern Health Partners, Inc.

With respect to Plaintiff's Eighth Amendment claim, he must, under the relevant standards from the Eleventh Circuit, ultimately "demonstrate that [Defendant SHP] acted with 'subjective recklessness as used in the criminal law.'" *Wade v. McDade*, 106 F.4th 1251, 1262 (11th Cir. 2024) (en banc) (quoting *Farmer v. Brennan*, 511 U.S. 825, 839 (1994)). This requires a showing of actual knowledge—that Defendant SHP "was actually aware that [its] conduct caused a substantial risk of serious harm to [Plaintiff]." *Id.* Here, Plaintiff's allegations fail to allege that Defendant SHP exhibited such

recklessness to Plaintiff's medical needs. *See generally* [Doc. 1]. Thus, the basis of Defendant SHP's Motion warrants dismissal. The doctrine of respondeat superior "doesn't hold employers vicariously liable for the acts of their employees" for claims brought under § 1983. *Harper v. Pro. Prob. Servs., Inc.*, 976 F.3d 1236, 1244 n.10 (11th Cir. 2020). To establish that Defendant SHP "committed a constitutional violation in [its] supervisory capacity, [Plaintiff] must show that [Defendant SHP] instituted a 'custom or policy [that] result[ed] in deliberate indifference to constitutional rights or . . . directed [its] subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." *Goebert v. Lee Cnty.*, 510 F.3d 1312, 1331 (11th Cir. 2007). Plaintiff's Complaint does not address any of these points. *See generally* [Doc. 1].

### 2. Defendant Jane Doe LPN or RN

With respect to Defendant SHP's employee, Defendant Doe, fictious-party pleading is generally not permitted in federal court. *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010). Fictitious-party pleading may be permitted, though, when a plaintiff's description of a defendant "is so specific as to be, 'at the very worst, surplusage.'" *Id.* (quoting *Dean v. Barber*, 951 F.2d 1210, 1215–16 (11th Cir. 1992)). In his Complaint, Plaintiff makes no attempt to describe Defendant Doe other than alleging—in rather conclusory fashion—that she is either an "LPN" or "RN" who "acted negligently, recklessly, wantonly, willfully, knowingly, and with deliberate indifference

[to his] serious medical conditions." [Doc. 1, p. 7]. Again, a plaintiff may use legal conclusions to structure a complaint, but they *must* "be supported by factual allegations." *McCullough*, 907 F.3d at 1333 (quoting *Iqbal*, 556 U.S. at 679). Plaintiff's allegations here simply are not supported by sufficient factual allegations setting forth a plausible claim showing that he is entitled to relief. *Id.*; *Barreth*, 2020 WL 4370137, at *2 (citation omitted).

In any event, Defendant Doe has not been served, and the applicable statute of limitations for Plaintiff's § 1983 claims has expired. Assuming Plaintiff now knows of Defendant Doe's identity and name, amending the Complaint would constitute "a change in the parties sued," and Plaintiff would be required to show that Defendant Doe received notice of this lawsuit before the statute of limitations expired. *Saylor v. Bartow Cnty.*, No. 2:09-CV-0172-WCO, 2010 WL 11601723, at *1–2 (N.D. Ga. Mar. 9, 2010).

The statute of limitations for claims brought under § 1983 are governed by the statute of limitations for a personal injury action in the state where the cause of action arose, which in this case is Georgia. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007). Personal injury actions in Georgia have a two-year statute of limitations. O.C.G.A. § 9-3-33 (". . . actions for injuries to the person shall be brought within two years after the right of action accrues . . ."); *see also Lovett v. Ray*, 327 F.3d 1181, 1182–83 (11th Cir. 2003). Thus, the statute of limitations for Plaintiff's § 1983 claims expired on July 5, 2025.

8

Although state law determines the length of the limitations period, federal law determines "the accrual date of a § 1983 cause of action." *Shepherd v. Wilson*, 663 F. App'x 813, 817 (11th Cir. 2016) (per curiam) (quoting *Wallace*, 549 U.S. at 388). "The standard for when a § 1983 claim accrues is well settled in [the Eleventh] [C]ircuit." *McGroarty v. Swearingen*, 977 F.3d 1302, 1309 (11th Cir. 2020). "The statute of limitations on a [§] 1983 claim begins to run when 'the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights.'" *Van Poyck v. McCollum*, 646 F.3d 865, 867 (11th Cir. 2011) (per curiam) (citation omitted). "As to which facts a plaintiff must know, [the Eleventh Circuit] ha[s] said '[p]laintiffs must know or have reason to know that they were injured, and [they] must be aware or should be aware of who inflicted the injury.'" *McGroarty*, 977 F.3d at 1309 (alteration in original) (citation omitted). "[I]t is the standard rule that [accrual occurs] when [a] plaintiff has a complete and present cause of action, that is, when [he] can file suit and obtain relief." *Wallace*, 549 U.S. at 388 (second alteration in original) (quotation marks and citations omitted).

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant Southern Health Partners, Inc.'s, Motion to Dismiss [Doc. 3] and **DIRECTS t**he Clerk of Court to **TERMINATE** it and Defendant Jane Doe LNP or RN as parties to this action.

Further, the Court immediately lifts the stay imposed at Doc. 5 and the remaining parties shall timely comply with all applicable conferences and timelines set forth in the Federal Rules of Civil Procedure and the Court's Local Rules.

**SO ORDERED**, this 30th day of October, 2025.

S/ Tilman E. Self, III
TILMAN E. SELF, III, JUDGE
UNITED STATES DISTRICT COURT
