# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| ANTROUN TREMAINE MCDANIEL, *Plaintiff,* v. SOUTHERN HEALTH PARTNERS, INC.; JANE DOE LNP or RN, agent for and employed by SOUTHERN HEALTH PARNTERS, INC.;[1] Upson County Sheriff DAN KILGORE in his official capacity as Sheriff; and UPSON COUNTY SHERIFF'S OFFICE, *Defendants.* | CIVIL ACTION NO. 5:25-cv-00407-TES |

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

Relying on a single provision of Georgia law, Plaintiff Antroun Tremaine McDaniel claims that Sheriff Dan Kilgore "is responsible for payment of all medical bills incurred by inmates at his jail." [Doc. 1, p. 2]. Despite this statute, Plaintiff says that Sheriff Kilgore failed to cover the medical expenses Plaintiff incurred "in excess of $100,000" while in Sheriff Kilgore's custody. [*Id.*]; [Doc. 8-1, p. 2].

Before the Court is Sheriff Kilgore's Motion to Dismiss [Doc. 8] filed on November 5, 2025. Under the Court's Local Rules, Plaintiff had 21 days—until

---

[1] In a previous Order [Doc. 7], the Court dismissed the claims asserted against Defendant Southern Health Partners, Inc., and Defendant Jane Doe LNP or RN.

November 26, 2025—to file any brief in opposition. LR 7.2, MDGa. Plaintiff did not file any response brief, so Sheriff Kilgor's Motion is ripe for ruling. Even without a response brief, the Court must still consider the merits of Plaintiff's claim against Sheriff Killgore. *See Giummo v. Olsen*, 701 F. App'x 922, 924–25 (11th Cir. 2017).

## BACKGROUND

The applicable legal standard through which the Court reviews Plaintiff's Complaint [Doc. 1] in connection with Sheriff Kilgore's Motion based on Federal Rule of Civil Procedure 12(b)(6) is fully presented in its previous Order. *See* [Doc. 7, pp. 2–5]. The facts of this case are also presented in that Order, but as a brief refresher, Plaintiff alleges that on December 12, 2022, he "was arrested at the . . . courthouse" in Upson County, Georgia, because of a bond revocation. [Doc. 1, p. 5]. While detained in the Upson County Jail he had to be "transported by emergency medical services to Upson Regional Hospital on July 5, 2023." [*Id.*]. Plaintiff alleges, *inter alia*, that he "was placed in intensive care," "had a 103° temperature," and "developed a pulmonary leak from respiratory tubes inserted to address his respiratory distress." [*Id.*]. Plaintiff was later transferred to a hospital in Macon, Georgia, "for higher level one trauma care, where he remained hospitalized for over [two] weeks." [*Id.*].

## MOTION TO DISMISS

Sued in his official capacity, Sheriff Kilgore contends that Plaintiff only brings one claim against him: a claim pursuant to O.C.G.A. § 42-5-2. [Doc. 1, p. 1]; [Doc. 8-1, p.

3]. Plaintiff, by virtue of his decision not to file a response brief, does not contend otherwise. *See* LR 7.2, MDGa. Sheriff Kilgore argues that O.C.G.A. § 42-5-2 "generally states that it is the responsibility of the governmental entity having custody of an inmate to provide him food, clothing, and medical care as needed." [Doc. 8-1, pp. 3–4 (citing O.C.G.A. § 42-5-2(b))]; *see also Lundy v. Hancock Cnty.*, 890 S.E.2d 92, 96 (Ga. Ct. App. 2023) (discussing that O.C.G.A. § 42-4-4 "places certain duties on a sheriff to provide an inmate with medical care"). With respect to Plaintiff's claim against him, Sheriff Kilgore bases his dismissal on sovereign immunity grounds. [*Id.*].

In Georgia, "sovereign immunity extends to the state and all of its departments and agencies"—including sheriffs and counties—unless "waived by an Act of the General Assembly" that specifically provides for a waiver and details "the extent of such waiver." Ga. Const. art. I § 2, ¶ IX; *Carter v. Butts Cnty., Ga.*, 821 F.3d 1310, 1323 (11th Cir. 2016); *Gilbert v. Richardson*, 452 S.E.2d 476, 479 (Ga. 1994). A defendant, like Sheriff Kilgore, "who is sued in his official capacity is entitled to the benefit of the sovereign immunity defense," unless the plaintiff can "demonstrate that sovereign immunity has been waived." *Jenkins v. Corizon Health Inc.*, No. CV418-099, 2020 WL 5492543, at *5 (S.D. Ga. Sept. 10, 2020) (citing *Gilbert*, 452 S.E.2d at 479); [Doc. 1, p. 1].

Here, Plaintiff failed to identify a specific waiver of the state's sovereign immunity regardless of whether he brought his claim under O.C.G.A. §§ 42-4-4 or 42-5-2. As recently as 2023, the Georgia Court of Appeals held that the plain language of

3

these statutes do "not provide for a specific waiver of governmental immunity nor the extent of such a waiver, and therefore, no waiver can be implied or shown." *Lundy*, 890 S.E.2d at 96. Accordingly, Sheriff Kilgore is entitled to sovereign immunity for Plaintiff's state-law claim asserted against him in his official capacity.[2] *See Graham v. Cobb Cnty.*, 730 S.E.2d 439, 443 (Ga. Ct. App. 2012) ("While [O.C.G.A.] § 42-5-2(a) imposes upon the county the duty and cost of medical care for inmates in its custody, it does not waive sovereign immunity of the county or its agents or employees.").

## CONCLUSION

Given his clear entitlement to sovereign immunity, the Court **GRANTS** Sheriff Kilgore's Motion and **DISMISSES** Plaintiff's state-law claim asserted against him in his official capacity pursuant to O.C.G.A. § 42-5-2 **with prejudice**. Because the underlying claim against Sheriff Kilgore is dismissed, Plaintiff's claim for attorney's fees under 42 U.S.C. § 1988 is **DISMISSED** as well. *See Popham v. Landmark Am. Ins. Co.*, 798 S.E.2d

---

[2] As Sheriff Kilgore notes, it does not appear that Plaintiff's Complaint asserts a claim against *him* pursuant to 42 U.S.C. § 1983. [Doc. 8-1, p. 5 n.2]; *see also* [Doc. 1, pp. 5–6]. Such a claim, however, to the extent Plaintiff did assert one against Sheriff Kilgore would fail. Under Georgia law, when an individual is in the sheriff's custody, the county is indeed responsible for providing that individual with "any needed medical and hospital attention." O.C.G.A. § 42-5-2(b). Yes, the Constitution requires the government to provide medical care to individuals who were injured during apprehension, but it does not require the government itself to provide the care directly or even pay for the care, leaving cost allocation to state law. *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244–45 (1983). "[A]s long as the governmental entity ensures that the medical care needed is in fact provided, the Constitution does not dictate how the cost of that care should be allocated as between the entity and the provider of the care. That is a matter of state law." *Id.* at 245. Section 1983 does not create a cause of action to enforce state law; thus, the Court could not grant relief under this statute. *See Waddell v. Hendry Cnty. Sheriff's Off.*, 329 F.3d 1300, 1305 (11th Cir. 2003) (citation omitted) (noting that § 1983 must not be used "as a 'font of tort law' to convert state tort claims into federal causes of action").

5

257, 264 (Ga. Ct. App. 2017) (holding that awards of attorney's fees are derivative of underlying claims and that when those claims fail, claims for attorney's fees also fail); *see also* [Doc. 1, pp. 3, 7].

**SO ORDERED**, this 10th day of December, 2025.

*S/ Tilman E. Self, III*
**TILMAN E. SELF, III**
**UNITED STATES DISTRICT JUDGE**